IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RUSSELL T. PAUGH,

      **Plaintiff,**

v.

      CIVIL ACTION NO.: 1:22CV100
      (KLEEH)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      **Defendant.**

FILED
JUL -5 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

### I. Introduction

This action arises out of the denial of Plaintiff's application for Disability Insurance Benefits. Plaintiff argues that the ALJ erred in several respects and requests remand, or in the alternative, a finding that he is disabled. For the reasons that follow, the undersigned would conclude that the ALJ erred, and that this matter should be remanded for further proceedings.

### II. Factual/Procedural History

Plaintiff filed his application for Disability Insurance Benefits on March 25, 2021. R. 15. He alleged a disability date of May 21, 2020. *Id.* Plaintiff's claim was denied initially and upon reconsideration. *Id.* An administrative hearing was held on February 10, 2022. *Id.* Plaintiff was represented at the hearing by attorney David Chermol and Trixy Lora, a non-attorney representative. Bruce Martin, an impartial vocational expert, also appeared at the hearing. *Id.*

On April 4, 2022, the ALJ issued an unfavorable decision. R. 15-26. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-6. Plaintiff then filed the instant action. ECF No. 1.

### III. ALJ Decision

#### A. The Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). The Social Security Administration uses the following five-step sequential evaluation process to determine if a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the residual functioning capacity of the claimant is evaluated based "on all the relevant medical and other evidence in your case record . . ." 20 C.F.R. §§ 404.1520; 416.920.]
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520; 416.920. In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. *Richardson v. Califano*, 574 F.2d 802, 804 (4th Cir. 1978). The burden of proof shifts to the Commissioner at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. *Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be "disabled" or "not disabled" at one of the five steps, the process does not proceed to the next step. *Id.*

### B. ALJ Findings

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2025. R. 17. The ALJ further found that Plaintiff has not engaged in substantial gainful activity since May 21, 2020, or the alleged onset date. *Id.* The ALJ found Plaintiff to have the following severe impairments: cervical degenerative disc disease, left knee osteoarthritis, obesity, post-traumatic stress disorder, and mild neurocognitive disorder. *Id.* These impairments were found to significantly limit Plaintiff's ability to perform basic work activities as required by SSR 85-28. *Id.* However, the ALJ concluded that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 CFR Part 40, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.*

The ALJ concluded that Plaintiff has the following RFC:

> to perform light work as defined in 20 CFR 404.1567(b) except occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; no climbing ladders, ropes, and scaffolds; occasionally reaching overhead with the right upper extremity; occasional exposure to vibrations; occasional hazardous; simple, routine tasks; "low stress" work defined as occasional independent decision making and occasional workplace changes; and frequent interaction with the general public.

R. 20. The ALJ's reasoning with respect to the RFC is set forth at R. 20-24 of the ALJ opinion.

3

## IV. Motions for Summary Judgment

### A. Arguments of the Parties

#### 1. Plaintiff's Arguments

Plaintiff argues that the ALJ failed to assess the mental medical opinion evidence of record, and that this failure frustrates meaningful review of the ALJ's opinion. Plaintiff further argues that there are unresolved vocational conflicts, which the ALJ failed to address. Finally, Plaintiff argues that the ALJ failed to address all of Plaintiff's mental limitations in the RFC, particularly Plaintiff's moderate limitation in concentration, pace, and persistence. For these reasons, Plaintiff seeks a reversal of the ALJ's decision and entry of an award of disability, or in the alternative, remand for further proceedings.

#### 2. Defendant's Arguments

Defendant argues that substantial evidence supports the ALJ's findings with respect to Plaintiff's memory-related limitations. Defendant further contends there is no inconsistency between level 2 jobs and the VE's testimony. Defendant argues that there is no requirement that the RFC include an accommodation for Plaintiff's moderate limitation in concentration, pace, and persistence. Finally, Defendant maintains that substantial evidence supports the ALJ's RFC.

### B. The Standards

#### 1. Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union County Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

### 2. Judicial Review

The Court's review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether the ALJ's factual findings are supported by substantial evidence. *Rogers v. Kijakazi*, 62 F.4th 872, 875 (4th Cir. 2023).

"Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

### C. Discussion

After considering the briefs of the parties, the applicable law, and the Court file, the undersigned is satisfied that oral argument would not substantially aid this report and recommendation. Accordingly, the undersigned would conclude that the ALJ erred in certain aspects of the opinion, and that these errors frustrate meaningful review of whether the RFC is supported by substantial evidence. Remand is therefore appropriate.

#### 1. Mental Medical Evidence

Plaintiff first argues that, in fashioning the RFC, the ALJ failed to address and/or consider the opinions of Karl Hursey, Ph.D., James Binder, M.D., and Tracy L. Cosner-Shepherd, M.S. Plaintiff argues that these failures are not harmless because the ALJ identified a lower level of limitation in terms of understanding, remembering, or applying information without addressing

the higher level found by the three aforementioned medical professionals. Plaintiff argues that the ALJ's failure to address these medical opinions leaves the ALJ's RFC, and in particular the "moderate" limitation in understanding, remembering, or applying information, without a logical basis. The undersigned would agree with Plaintiff.

"[A]n ALJ must build a logical and accurate bridge between evidence and conclusions to enable meaningful review." *Wolford v. Kijakazi*, 2023 WL 2261500, at * 4 (N.D. Ind. Feb. 27, 2023) (citing *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013)). While an ALJ is not required to consider every piece of evidence, an ALJ is not permitted to ignore contrary lines of evidence or to cherry-pick the evidence. *Wolford*, 2023 WL 2261500, at * 4 (citing *Martin v. Saul*, 950 F.3d 369, 375 (7th Cir. 2020)). Remand may be appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review." *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016).

On May 17, 2021, Karl Hursey, Ph.D., conducted a disability determination at the initial level and reviewed medical evidence as it pertained to Plaintiff's disability application. Dr. Hursey concluded that Plaintiff suffered from a "marked" impairment in understanding, remembering, or applying information. R. 59. As part of this same evaluation, Dr. Hursey concluded that Plaintiff had a moderate limitation in his ability to understand and remember very short and simple instructions, but a marked limitation in his ability to understand and remember detailed instructions. R. 62. Plaintiff was found to show "some severe mental/emotional impairments that produce significant functional limitations," despite the finding that he was not disabled. R. 63. At the reconsideration level, Dr. James Binder found that the May 17, 2021, evaluation is consistent with the medical evidence of record, confirming Plaintiff's marked limitation in understanding, remembering, or applying information. R. 68. In May 2021, Tracy Cosner-Shepherd, M.S.,

examined Plaintiff and administered a number of intelligence tests. Ms. Shepherd concluded, among other things, that Plaintiff is markedly deficient in memory. R. 391.

Notwithstanding the aforementioned evidence, the ALJ concluded that Plaintiff has a "moderate limitation" in "understanding, remembering, or applying information," finding that Plaintiff's "mental status examinations found few deficits in memory or cognition." R. 19. Given the obvious contradiction between Dr. Hursey's, Dr. Binder's, and Ms. Shepherd's opinions and the ALJ's findings, the ALJ should have addressed the evidence and explained the deviation therefrom. Without this explanation, it is impossible to determine whether the ALJ's opinion that Plaintiff is only moderately limited in understanding, remembering, or applying information is supported by substantial evidence.

Defendant contends that the ALJ's opinion is supported by substantial evidence and cites to other evidence in the record upon which the ALJ appears to have relied. The undersigned notes in particular the discussion set forth at p. 4 of ECF No. 14-1. Regardless, the fact remains that the ALJ did not explain why she found that Plaintiff is only moderately limited in understanding, remembering, or applying information despite consistent and repeated evidence in the record supporting a more substantial limitation. Without such an explanation, the Court cannot determine whether the evidence cited by Defendant constitutes substantial evidence.

Moreover, the undersigned is concerned that the ALJ's categorization of the evidence supporting the ALJ's finding that Plaintiff is only moderately limited in understanding, remembering, or applying information, may not be entirely accurate. Indeed, the ALJ's findings include that Plaintiff's "examinations showed few deficits in memory;" and that the reconsideration level disability determination explanation "found no mental functional limitations." R. 24. The ALJ also noted that the mental findings on reconsideration were "broadly

consistent with [Plaintiff's] largely unremarkable memory." R. 24. These findings are clearly contradicted by the evidence in the record, and specifically the evidence which the ALJ failed to address. The ALJ also concluded that the RFC is supported by, among other things, Plaintiff's "generally normal or mildly deficient findings." R. 24. Again, there is evidence of a marked deficiency that the ALJ did not address.

It is difficult to understand how the ALJ could categorize Plaintiff's mental findings as generally normal or mildly deficient without specifically addressing the marked deficiency noted by Dr. Hursey, Dr. Binder, and Ms. Shepherd. Because the ALJ did not address Dr. Hursey's, Dr. Binder's, and Ms. Shepherd's findings, meaningful review of the ALJ's opinion is precluded.

### 2.   Vocational Expert's Testimony

Plaintiff next argues that the ALJ erred in failing to address the conflict between the vocational expert's testimony that Plaintiff could perform reasoning level 2 occupations while also testifying that a person limited to "simple, routine tasks," as Plaintiff is per his RFC, cannot carry out detailed written and oral instructions, which are present in reasoning level 2 jobs. Defendant argues that, as a matter of law, there is no conflict between a limitation to simple, routine tasks and jobs with a reasoning level of 2, and that therefore this assignment of error is without merit. Defendant cites *Lawrence v. Saul*, 941 F.3d 140, 144 n.8 (4th Cir. 2019) to support her argument. For the reasons that follow, the undersigned would again agree with Plaintiff.

During the administrative hearing, the vocational expert testified that a person with Plaintiff's RFC (including a limitation to simple, routine tasks) can perform several jobs: photocopy machine operator, folding machine operator, and inspector. R. 25-26; 48-49. *See also DOT* §§ 207.685-014, 208.685-014, 559-687-074. These jobs are reasoning level 2 jobs. The vocational expert then testified as follows:

8

> Q: Mr. Martin, is it correct that in your response to the hypothetical question, you did not consider any factor or limitations other than those specifically identified by the Judge?
>
> A: I do not.
>
> Q: All right and isn't it true that limitations to no more than simple, routine tasks would preclude the ability to carry out detailed written and oral instruction?
>
> A: That would be fair to say, yes.

R. 51-52; ECF No. 11 at p. 10; ECF No. 14-1 at pgs. 8-9.

"An administrative law judge...has a duty to identify and resolve any apparent conflicts between the DOT and a vocational expert's testimony." *Lawrence v. Saul,* 941 F.3d 140, 143 (4th Cir. 2019). "To assess whether an apparent conflict exists, [the court] compare[s] the DOT's express language with the vocational expert's testimony." *Lawrence,* 941 F.3d at 143. The DOT's express language regarding reasoning level 2 jobs is that these jobs require a person to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." Appendix C, *DOT,* 1991 WL 688702 (Jan. 1, 2016).

In assessing such a conflict, the *Lawrence* court found that "[t]here [was] no...inconsistency between Ms. Lawrence's residual functional capacity [which limited Ms. Lawrence to simple, routine, repetitive tasks] and Level 2's notions of detailed but uninvolved...instructions and tasks with a few...variables." *Id.* (cleaned up). The *Lawrence* court contrasted its findings, however, with the case of *Thomas v. Berryhill,* 916 F.3d 307, 313 (4th Cir. 2019) in which the court found an apparent conflict between an RFC limitation to "short, simple instructions," and the need to carry out "detailed but uninvolved...instructions" as found in jobs

9

requiring level 2 reasoning. *Id.* (emphasis added). Specifically, the *Thomas* court found that a claimant limited to short instructions could not perform jobs with detailed but uninvolved instructions because "'[s]hort' is inconsistent with 'detailed.'" *Lawrence*, 941 F.3d at 143. In other words, a claimant limited to "simple tasks" may be able to perform reasoning level 2 jobs, but a claimant limited to "short instructions" cannot perform reasoning level 2 jobs because detailed instructions found in reasoning level 2 jobs are not "short" instructions.

Here, when presented with the hypothetical of a claimant with Plaintiff's RFC, the vocational expert first testified that such a claimant is capable of performing jobs with a reasoning level of 2. Upon further questioning by Plaintiff's attorney, however, the vocational expert testified that a claimant limited to simple, routine tasks, as Plaintiff is and as per the original hypothetical presented to him, could not carry out detailed written and oral instructions, which is required in reasoning level 2 jobs. The vocational expert thus contradicted himself. Because the vocational expert did not offer any jobs other than reasoning level 2 jobs upon which the ALJ could rely, the conflict seems to be apparent, and thus one which the ALJ should have investigated before the ALJ relied upon the vocational expert's testimony.

Moreover, while Plaintiff's RFC includes a limitation to "simple tasks," which would seem to implicate the *Lawrence* reasoning, the inquiry should not end there. As discussed above, there is evidence in the record that Plaintiff is markedly limited in his ability to understand, remember, or apply <u>detailed instructions</u>. R. 62. When combined with a limitation to simple, routine tasks, this evidence would seem to implicate the *Thomas* reasoning. Such evidence further enhances the apparent conflict and, again, precludes meaningful review of whether the ALJ's opinion is supported by substantial evidence.

As to Defendant's argument that it was Plaintiff's responsibility to inquire about this inconsistency, Defendant's argument is without merit. The burden is upon the ALJ to resolve an apparent conflict. *See* SSR 00-4p, 2000 WL 1898704, at * 2 (Dec. 4, 2000) (where there is a conflict between the DOT and the VE evidence, "[t]he adjudicator must resolve the conflict by determining if the explanation given by the VE…is reasonable and provides a basis for relying on the VE…testimony rather than the DOT information"). See also SSR 00-4p, 2000 WL 1898704, at * 4 ("the adjudicator has an affirmative responsibility to ask about any possible conflict between [the] VE…evidence and information provided in the DOT").

### 3. Accommodations for Pace Limitations in RFC

Plaintiff next argues that the ALJ erred when fashioning the RFC because the ALJ failed to include an accommodation for pace-related impairments. ECF No. 11 at p. 13-15. Defendant contends that there is no *per se* rule requiring an RFC accommodation for moderate limitations in concentration, persistence, or pace. Defendant argues that the proper inquiry is whether the RFC permits meaningful judicial review and whether substantial evidence supports the ALJ's RFC opinion. Defendant cites *Shinaberry v. Saul* to support her argument. 952 F.3d 113 (4th Cir. 2020).

In *Shinaberry*, plaintiff argued that the ALJ erred because the ALJ did not include or accommodate plaintiff's "moderate limitations in concentration, persistence or pace" in the RFC determination. *Id.* at 120-21. Plaintiff argued that this omission made it impossible for the Court to conduct a meaningful review of the ALJ's decision. The Court disagreed, holding that

> an ALJ cannot summarily account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work because the ability to perform simple tasks differs from the ability to stay on task….But we [do] not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC. On the contrary, we explained that an ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in the claimant's RFC. For

11

example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it from the hypothetical tendered to the vocational expert.

*Id.* at 121 (cleaned up).

Here, the ALJ found at step three that Plaintiff has a moderate limitation as to concentrating, persisting, or maintaining pace (R. 19). At step four of the opinion, the ALJ explained why Plaintiff's moderate limitation in concentration did not translate into an RFC limitation beyond being limited to simple, routine tasks. R. 23 ("[t]he claimant endorsed some impairment of concentration…but his examinations showed few deficits of…concentration…and he reported being able to manage his finances, hunt, fish, and coach children's soccer for an hour at a time. These factors support finding the claimant capable of performing simple, routine tasks").

"When medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Shinaberry*, 952 F.3d at 121. Here, the medical evidence indicates that Plaintiff is moderately limited in terms of concentration, and the ALJ limited the hypotheticals to include only unskilled work with simple, routine tasks. R. 48-49. The undersigned would thus conclude that the ALJ did not err when she did not include accommodations for Plaintiff's moderate limitation in concentration, pace, or persistence,

### 4. Substantial Evidence

Notwithstanding, the undersigned is unable to determine whether the ALJ's opinion is supported by substantial evidence. The ALJ's failure to consider the Dr. Hursey's, Dr. Binder's, and Ms. Shepherd's opinions that Plaintiff is markedly limited in his ability to understand,

12

remember, or apply information, including detailed instructions, frustrates meaningful review, as set forth above. Remand is therefore appropriate.

### V. Recommendation

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion [10] for Summary Judgment be **GRANTED IN PART AND DENIED IN PART** and that Defendant's Motion [14] for Summary Judgment be **GRANTED IN PART AND DENIED IN PART**. The undersigned would further **RECOMMEND** that this matter be **REMANDED** for further proceedings consistent with this Report and Recommendation.

**Any party who appears** *pro* **se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

A copy of such objections should be submitted to the District Judge of Record. <u>Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.</u> *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 5th day of July 2023.

_____
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE